TIMOTHY D. BARROW, ESQ.
Grist Mill Square, Suite 3
148 Main Street
Lebanon, New Jersey  08833
(908) 236-2229
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------
XL SPECIALTY INSURANCE COMPANY
a/s/o Westport Petroleum, Inc., and
WESTPORT PETROLEUM, INC.,

                Plaintiffs,   :       CIVIL ACTION

     v.
                                        :

M.T. SOROKALETIE POBEDY, her engines,
tackle, etc., TAMARA SHIPHOLDINGS S.A.,   :      **VERIFIED COMPLAINT**
JSC NOVOROSSIYSK SHIPPING COMPANY,
NOVOSHIP (UK) LTD., SEA PIONEER SHIPPING
CORPORATION, and INTERNATIONAL-MATEX
TANK TERMINALS,

                Defendants.   :
---------------------------------------------------------------

The Plaintiffs herein, by its attorney, Timothy D. Barrow, complaining of the above Defendants, allege upon information and belief:

## THE PARTIES

1. At and during all times hereinafter mentioned, Plaintiff XL SPECIALTY INSURANCE COMPANY is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Illinois with an office and place of business at 99 Park Avenue, New York, New York 10016.

2. At and during all times hereinafter mentioned, Plaintiff WESTPORT PETROLEUM, INC. is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of California with an office and place of business at 300 N.

Lake Avenue, Pasadena, California 91101.

3. At and during all times hereinafter mentioned, Defendant TAMARA SHIPHOLDINGS S.A. is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, and trades or otherwise does business in the United States, including New Jersey, with an office and place of business located at and/or does business through its managers located at 1, ul. Svobody, 353900 Novorossiysk, Russian Federation, and/or its operators located at Watergate House, 13-15 York Buildings, London WC2N 6JU, United Kingdom.

4. At and during all times hereinafter mentioned, Defendant JSC NOVOROSSIYSK SHIPPING COMPANY is a corporation or other business entity organized and existing under and by virtue of the laws of foreign country, and trades or otherwise does business in the United States, including New Jersey with an office and place of business located at 1, ul. Svobody, 353900 Novorossiysk, Russian Federation.

5. At and during all times hereinafter mentioned, Defendant NOVOSHIP (UK) LTD. is a corporation or other business entity organized and existing under and by virtue of the laws of foreign country, and trades or otherwise does business in the United States, including New Jersey with an office and place of business located at Watergate House, 13-15 York Buildings, London WC2N 6JU, United Kingdom.

6. At and during all times hereinafter mentioned, Defendant SEA PIONEER SHIPPING CORPORATION is a corporation or other business entity organized and existing under and by virtue of the laws of foreign country, and trades or otherwise does business in the United States, including New Jersey with an office and place of business located at  Bacolitas Bldg.,  284 Kifisias Avenue, 152 32 Halandri, Athens, Greece.

7. At and during all times hereinafter mentioned, Defendant INTERNATIONAL-MATEX TANK TERMINALS is a partnership or other business entity duly organized and existing under and by virtue of the laws of the State of Delaware with an office and place of business at 250 East 22nd Street, Bayonne, New Jersey 07002.

8. Plaintiff XL SPECIALTY INSURANCE COMPANY's insured and co-Plaintiff, WESTPORT PETROLEUM, INC., is a petroleum trader and blender and was the consignee and/or owner of the petroleum cargo that is the subject of this action.

9. Defendants, TAMARA SHIPHOLDINGS S.A., JSC NOVOROSSIYSK SHIPPING COMPANY, NOVOSHIP (UK) LTD., and SEA PIONEER SHIPPING CORPORATION, were and are now engaged in business as common and/or contract carriers of petroleum cargoes by water for hire, and owned, managed, operated, chartered and/or otherwise controlled the above named Defendant Vessel motor tanker SOROKOLETIE POBEDY at all times hereinafter mentioned and now or will be within the jurisdiction of this Court during the pendency of this action.

10. Defendant INTERNATIONAL-MATEX TANK TERMINALS was and is now engaged in the business of providing bulk liquid handling services, including the unloading petroleum cargos from vessels, and also provides tank storage for this cargo at its Bayonne, New Jersey facilities.

## JURISDICTION AND VENUE

11. Plaintiffs' causes of action are admiralty and maritime claims within the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. 1333, and also arises under Fed. R. Civ. P. Rule 9 (h) and may also arise under this Court's supplemental jurisdiction pursuant to 28 U.S.C. 1367.

12. Venue is proper and appropriate for this action pursuant to 28 U.S.C. 1391(b), (c) and (d) as Defendants TAMARA SHIPHOLDINGS S.A., JSC NOVOROSSIYSK SHIPPING COMPANY, NOVOSHIP (UK) LTD., and SEA PIONEER SHIPPING CORPORATION are foreign companies and aliens, and Defendant INTERNATIONAL-MATEX TANK TERMINALS also is found or resides in New Jersey and furthermore are subject to personal jurisdiction at the time of commencement of suit in this District.

**PLAINTIFFS' CAUSE(S) OF ACTION AGAINST DEFENDANTS TAMARA SHIPHOLDINGS S.A., JSC NOVOROSSIYSK SHIPPING COMPANY, NOVOSHIP (UK) LTD., SEA PIONEER SHIPPING CORPORATION and INTERNATIONAL-MATEX TANK TERMINALS**

13. Plaintiffs repeat and reallege the allegations set forth in paragraphs numbered 1 through 12 of the within Verified Complaint in their entirety, as if set forth herein at length.

14. On or about August 19, 2005, Defendants TAMARA SHIPHOLDINGS S.A., JSC NOVOROSSIYSK SHIPPING COMPANY, NOVOSHIP (UK) LTD., and SEA PIONEER SHIPPING CORPORATION, issued or caused to be issued Bills of Lading 225 9 85 016 & 2259 85 017 and/or receipt for the transport of 219,746.041 U.S. Barrels @ 60 degrees C and 180,729.096 U.S. Barrels @ 60 degrees C of Low Sulphur Waxy Residue respectively for a combined total of 400,475.13 U.S. Barrels of petroleum cargos from the load port of Dumai, Indonesia to be shipped aboard the M.T. SOROKALETIE POBEDY V.09/2005 to one or more safe ports in the United States that ultimately became designated discharge port of Bayonne, New Jersey, in consideration of certain freight paid and received by said Defendants.

15. The subject cargo as referenced above was delivered to and received in good order and condition by the aforesaid Defendants at Dumai on or about August 19, 2005 and was subsequently loaded aboard the M.T. SOROKALETIE POBEDY at this port for ocean transport to the United States and intended discharge at Bayonne, New Jersey.

16. Thereafter the aforesaid Defendant Vessel arrived at the port of discharge on October 1, 2005 whereby the subject cargo was subsequently offloaded and stored by Defendant

INTERNATIONAL-MATEX TANK TERMINALS at its Bayonne, New Jersey facilities whereby a shortage of cargo was determined by independent surveyors assigned by Plaintiff WESTPORT PETROLEUM, INC. attending the above described operations.

17. Defendants TAMARA SHIPHOLDINGS S.A., JSC NOVOROSSIYSK SHIPPING COMPANY, NOVOSHIP (UK) LTD., and SEA PIONEER SHIPPING CORPORATION failure to deliver the subject cargo in the same good order, quantity and condition as received at Dumai were caused by these said Defendants' breach of contract, negligence, conversion and/or breach of warranty. By reason of such shortage in the quantity of the subject cargo, the said Defendants breached, failed and violated their duties and obligations as carriers, bailees, and were otherwise at fault.

18. Defendant INTERNATIONAL-MATEX TANK TERMINALS's failure to properly offload, discharge, handle and/or store the subject cargo upon arrival of the Defendant Vessel at its Bayonne, New Jersey facility and subsequently thereto was caused by said Defendant's breach of contract, negligence, conversion, and/or breach of warranty. By reason of such shortage in the quantity of the subject cargo, this said Defendant has breached, failed, and violated its duties and obligations in providing the aforesaid offloading, handling and storage services in regard to same.

19. Plaintiff XL SPECIALTY INSURANCE COMPANY was and is the lead subrogee of the consignee, notify addressee, and/or owner of the subject shipment and brings this action on its own behalf and as agent and trustee on behalf of its assured and/or other interested parties and said Plaintiff is entitled to maintain this action.

20. To the extent that payments received pursuant to certain policies of insurance in regard to the subject cargo are subject to deductibles and/or are less than the value of the claimed shortage, Plaintiff WESTPORT PETROLEUM, INC. brings this action to recover same against said Defendants as consignee and/or owner of the subject cargo.

21. Plaintiffs have duly performed all duties and obligations on their part to be performed.

22. By reason of the premises, Plaintiff has sustained damages as nearly as same can be estimated, no part of which has been paid although duly demanded, in the approximate amount of $198,141.06.

WHEREFORE, Plaintiffs demand:

1. That process and warrant for a maritime arrest, attachment and garnishment according to the rules and practices of this Court, in causes of admiralty and maritime jurisdiction, may issue against the Defendant Vessel and that all persons having or claiming an interest therein may be cited to appear and answer, the matters aforesaid upon application for same by Plaintiff(s);

2. That process in due form of law according to the practice of this Court may issue against the named Defendants;

3. That if any of the Defendants cannot be found within this District, that all of their property within this District, as shall be described in a subsequent affidavit, be attached in the sum set forth in this Verified Complaint, with interests and costs;

4. That a decree and judgment may be entered in favor of Plaintiffs against the Defendants for the amount of Plaintiffs' respective total damages, together with interest and costs;

5. That process in due form of law according to the practice of this Court in causes of admiralty or maritime claims may issue against Defendant Vessel, its owners and managers; and

6. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

                                               ___s/ Timothy D. Barrow_____
                                               TIMOTHY D. BARROW
                                               Attorney for Plaintiffs

Dated: September 28, 2006
       Lebanon, New Jersey

ATTORNEY VERIFICATION/CERTIFICATION

I, TIMOTHY D. BARROW, an Attorney at Law of the State of New Jersey and a Member of the Bar of this Court verify, certify, and say:

I am the attorney for Plaintiffs herein; I have read the foregoing Verified Complaint and know the contents thereof; and that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

The reason this Verification/Certification is made by undersigned counsel and not by Plaintiffs is because Plaintiff XL SPECIALTY INSURANCE COMPANY and Plaintiff WESTPORT PETROLEUM, INC., is that their corporate officers and/or managers are not now present within this District. In light of these circumstances, I have been authorized by Plaintiff(s) to make this verification on their behalf.

The sources of my information and the grounds for my belief as to those matters stated in the Verified Complaint, to be alleged on information and belief, are documents and records in my file and communications with the client.

I hereby verify and certify that the foregoing statements made by me are true. I am aware that if any of these statements made by me are willfully false, I am subject to contempt of Court.

_____s/ Timothy D. Barrow_____
TIMOTHY D. BARROW
Attorney at Law – State of New Jersey

DATED: September 28, 2006
       Lebanon, New Jersey